MR. JUSTICE SHEEHY,
concurring in part and dissenting in part.
I concur in the majority opinion insofar as it affirms the decisions of the District Court, but disagree with the method of restoration that was determined by the District Court.
Satin Beaver, the mare sold by Floral Hjelm to Scott, was a registered horse. While in Floral Hjelm’s possession, the mare had been bred to another registered horse, a paint, and the prospect of a paint foal which could be registered made that foal more valuable than it would be otherwise.
After the mare was transferred to Scott, Satin Beaver foaled. The resulting colt was retained by Scott. While Satin Beaver remained in the possession of Scott, he caused her to be bred to another horse and at the time of trial that foal had not been born. Under the terms of the District Court’s judgment, however, when the matter was finally decided, it decreed that Satin Beaver be returned to Floral Hjelm and that she be allowed to keep the second colt, although Floral Hjelm has no basis upon which to register that colt. She was also rquired to return the $1,000 to Scott, plus $250 as payment for Scott keeping both Satin Beaver and the first foal.
Scott, under the findings of the District Court, breached his contract with Floral Hjelm. It is only because of the statute of frauds that his contract cannot be enforced against Scott. In attempting restoration, however, Floral Hjelm should not be in a worse position than she was before the breached contract. If anyone should *382 bear the brunt of inequity, it should be the one who breached the contract, Scott.
Therefore, I think a proper resolution of this case would be that Satin Beaver and the first foal be returned to Floral Hjelm by Scott. If the first foal is not now available, the value of that foal should be returned to Floral Hjelm. The second foal should be given to Scott, who cannot complain if the second foal is not registerable since the breeding of the second colt was his doing. It would also be fair to require that Floral Hjelm return the $1,000 which she received on the purchase price of the mare, and the sum of $250 for the care of the mare while it was out of her possession.
It should be realized here that Floral Hjelm has lost valuable breeding years in Satin Beaver and that she can never be made whole, all because of the statute of frauds, which prevents complete relief in this case.